FILED
CLERK
12/11/2015 3:31 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
PROFESSIONAL MERCHANT ADVANCE
CAPITAL, LLC,

                    Plaintiff,        MEMORANDUM & ORDER
                                    13-CV-7323(JS)(SIL)

      -against-

EDWARD MCEACHERN,
                    Defendant.
-----------------------------------X
APPEARANCES
For Plaintiffs:    Alan L. Frank, Esq.
                    Alan L. Frank Law Associates, P.C.
                    135 Old York Road
                    Jenkintown, PA 19046

For Defendant:     Edward McEachern, pro se
                    1205 North 11th Street
                    Boise, ID 83702

SEYBERT, District Judge:

        This case concerns obligations under a financing agreement and a contemporarily executed guarantee. On December 23, 2013, Plaintiff Professional Merchant Advance Capital, LLC ("Plaintiff") brought this case for breach of contract against Defendants Edward McEachern, Brent Cherne, and Michael McDonough. Edward McEachern ("Defendant") is the sole remaining defendant. Pending before the Court is Plaintiff's motion for summary judgment (Docket Entry 19.) For the reasons that follow, Plaintiff's motion is GRANTED.

BACKGROUND[1]

On January 11, 2012, non-party Florence Hospital, LLC ("Florence Hospital") entered into a financing agreement (the "Merchant Agreement") with Plaintiff. (Pl.'s 56.1 Stmt., Docket Entry 19-4, ¶ 3.) Under the terms of the Merchant Agreement, Plaintiff provided Florence Hospital with $400,000 in financing, and in exchange, Florence Hospital agreed to make weekly payments to Plaintiff in the amount of $34,995 until Florence Hospital repaid a total of $555,600 to Plaintiff. (See Pl.'s 56.1 Stmt. ¶ 4.)

Defendant also signed a guarantee document (the "Guarantee") contemporaneously with the Merchant Agreement. (See Pl.'s 56.1 Stmt. ¶¶ 5-6.) The Guarantee states, in pertinent part:

> <u>Personal Guaranty of Performance</u>. The undersigned Guarantor(s) hereby guarantees to [Plaintiff], [Florence Hospital's] performance of all of the representation [sic], warranties, covenants made by [Florence Hospital] in this Agreement and the Merchant Agreement, as each agreement may be renewed, amended, extended or otherwise modified (the "Guaranteed Obligations"). Guarantor's obligations are due (i) at the time of any breach by Merchant of any representation, warranty, or covenant made by Merchant in this Agreement and the Merchant Agreement, and (ii) at the time Merchant admits its inability to pay its debts, or makes a general assignment for the benefit of creditors, or any

---

[1] The following facts are taken from Plaintiff's 56.1 Statement, and the exhibits filed in connection with Plaintiff's motion for summary judgment.

2

> proceeding shall be instituted by or against Merchant seeking to adjudicate it bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, or composition of it or its debts.

(Pl.'s 56.1 Stmt. ¶ 6.) The terms under which Florence Hospital could be found to be in default is also defined within the Contract. Section 3.1 of the Merchant Agreement specifies that Florence Hospital would be in default if it violated "any term or covenant in [the] agreement," or if it admitted "in writing its inability to pay its debts . . . or any proceeding shall be instituted by or against [it] seeking to adjudicate it as bankrupt or insolvent." (Pl.'s 56.1 Stmt. ¶ 7.) In the event of a default, Section 3.2 of the Merchant Agreement states that Plaintiff could "proceed to protect and enforce its rights or remedies by suit in in equity or by action at law . . . to enforce the discharge or [Florence Hospital's] obligation hereunder (including the Personal Guarantee) . . . . (Pl.'s 56.1 Stmt. ¶ 7.)

On January 13, 2012, Plaintiff provided Florence Hospital with $399,280 in financing under the terms of the Merchant Agreement. (Pl.'s 56.1 Stmt. ¶ 8.) However, Florence Hospital failed to make any monthly payments to Plaintiff. (Pl.'s 56.1 Stmt. ¶ 9.) In an effort to remedy the situation, the parties entered into a letter agreement, under which Plaintiff agreed to allow Florence Hospital to pay "$10,000 every Friday via wire" until the closing of a certain deal described in the letter as the

3

"Florence Hospital, LLC refinancing and factoring." (Pl.'s Mot., Docket Entry 19-10, Ex. F.) But Florence Hospital filed for bankruptcy on May 11, 2012 and never made any payments to Plaintiff. (Pl.'s 56.1 Stmt. ¶¶ 11-12.)

Plaintiff commenced this action on December 13, 2013 seeking to recover the money owed to Plaintiff from the parties who signed the Guarantee. (Compl. ¶¶ 27-31.) On May 1, 2014, defendant Michael McDonough paid Plaintiff $70,000 to settle Plaintiff's claims against him. (Pl.'s 56.1 Stmt. ¶ 15.) Defendant Brent Cherne was also dismissed from this action on January 28, 2014. (Docket Entry 10.) Plaintiff contends that it is still owed $300,755 under the Merchant Agreement, and at least $100,000 in attorney fees. (Pl.'s Br., Docket Entry 19-1, at 14.)

DISCUSSION

The Court will first address the applicable legal standard on a motion for summary judgment before turning to the parties' arguments.

I. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10, 91 L. Ed. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.

Ed. 2d 265 (1986). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997).

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." Id.; see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1611, 26 L. Ed. 2d 142 (1970). A genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S. Ct. at 2512. To defeat summary judgment, "the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 256, 106 S. Ct. at 2514). "[M]ere speculation or conjecture as to the true nature of the facts" will not overcome a motion for summary judgment. Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986); see also Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) ("Mere conclusory allegations or denials will not suffice." (citation omitted)); Weinstock, 224 F.3d at 41 ("[U]nsupported allegations do not create a material issue of fact."). "The same standard applies where, as here, the parties filed cross-motions

for summary judgment . . . ." Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001) (citing Terwilliger v. Terwilliger, 206 F.3d 240, 244 (2d Cir. 2000)). Thus, even if both parties move for summary judgment and assert the absence of any genuine issues of material fact, "a district court is not required to grant judgment as a matter of law for one side or the other." Heublein, Inc. v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993). "Rather, each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Morales, 249 F.3d at 121 (citation omitted).

II. Breach of the Merchant Agreement

Plaintiff argues that Defendant is liable for Florence Hospital's failure to honor its payment obligations under the terms of the Merchant Agreement and the Guarantee. (Pl.'s Br. at 12-13.) Although Defendant admits he signed the Guarantee, he argues that the terms of the Guarantee do not obligate him to pay Florence Hospital's debt to Plaintiff. (Def.'s Opp. Br., Docket Entry 20, at 4.) The Court disagrees.

A surety relationship exists when a person becomes responsible for another's debt. "A guarantee is distinguishable from other forms of surety contracts in that it is a separate, independent contract between the guarantor and the creditor-obligee and is collateral to the contractual obligation between

6

the creditor-obligee and the principal-obligor." Fehr Bros. v. Scheinman, 121 A.D.2d 13, 15, 509 N.Y.S.2d 304, 305-06 (1st Dep't 1986). Just like any other contract, however, "[w]here the intent of the parties can be determined from the face of the agreement, interpretation is a matter of law and the case is ripe for summary judgment." Tucker Leasing Capital Corp. v. Marin Medical Mgmt., Inc., 833 F. Supp. 948, 956 (E.D.N.Y. 1993) (citation omitted).

The Guarantee in this case is not artfully drafted. It does not specifically spell out that Defendant must repay the balance of Florence Hospital's debt to Plaintiff in the event of a default by Florence Hospital. Nevertheless, the Guarantee does state that Defendant "guarantees to [Plaintiff], [Florence Hospital]'s performance of all of the . . . covenants made by [Florence Hospital] in . . . the Merchant Agreement." (Pl.'s 56.1 Stmt. ¶ 6.) It cannot be seriously disputed that the most important covenant Florence Hospital made to Plaintiff in the Merchant Agreement was to repay the money it borrowed. Thus, by guaranteeing Florence Hospital's performance, Defendant obligated himself to repay Florence Hospital's debt if Florence Hospital defaulted. Wong v. Slotkin, 154 Misc. 2d 655, 658-59, 585 N.Y.S.2d 986, 988 (Civ. Ct. 1992) (explaining that there is "no meaningful distinction between guaranteeing performance . . . and guaranteeing the payment of money, since as a practical matter, in most cases a judgment cannot be made to require [specific

7

performance]"). Evidence of the parties' intent to hold the guarantors liable in the event of a default can also be found in the Merchant Agreement, which states that Plaintiff could "proceed to protect and enforce its rights or remedies by suit in equity or by action at law . . . to enforce the discharge of [Florence Hospital's] obligation hereunder (including the Personal Guarantee) . . . ." (Pl.'s 56.1 Stm.t ¶ 7 (emphasis added).) As a practical matter, if the parties did not intend for the guarantors to be responsible for Florence Hospital's debt in the event of a default, a guarantee would not be necessary. Indeed, Defendant has not put forward a plausible alternative explanation as to why a guarantee was executed.

Plaintiff's motion for summary judgment is therefore GRANTED to the extent that Defendant is liable for breaching the terms of the Guarantee.

III. Damages

There is no dispute that Plaintiff is still owed a balance of $300,755. Plaintiff initially lent Florence Hospital $399,280 under the terms of the Merchant Agreement, and subsequently settled with defendant Michael McDonough, a co-guarantor, for $70,000. It is unclear whether Plaintiff also obtained monies from another source to reduce the Florence Hospital's debt to its current level. See Fed. Deposit Ins. Corp. v. Chizner, 110 F.R.D. 114, 116 (E.D.N.Y. 1986) ("While the

settlement does not operate as a complete release . . . among and between co-obligors [ ], the creditor settles each co-obligor's proportionate ratio of the whole debt.") (internal citations omitted). Since there is no dispute that a balance of $300,755 remains on Florence Hospital's debt, Plaintiff is entitled to a judgment in that amount.[2]

[THE BOTTOM OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

---

[2] Plaintiff also argues that they are also entitled to recover $100,000 in attorney fees that they spent on pursuing their breach of contract claim. (Pl.'s Br. at 14.) However, Plaintiff offers no explanation whatsoever regarding the legality of holding Defendant liable for Plaintiff's attorney fees as Florence Hospital's guarantor.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (Docket Entry 19) is GRANTED. Plaintiff's request for attorney fees is DENIED WITHOUT PREJUDICE. The Clerk of the Court is directed to enter Judgment in favor of Plaintiff and against Defendant in the amount of $300,755, plus statutory interest pursuant to 28 U.S.C. § 1961,[3] commencing from the date judgment is entered. The Clerk of the Court is directed to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December __11__, 2015
       Central Islip, New York

---

[3] Plaintiff does not address whether it would be appropriate to award pre-judgment interest in this case. Therefore, the Court need not analyze this point.